IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-56,166-04






EX PARTE HECTOR L. TRISTAN, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 1995-CRA000506-D1(B) IN THE


49TH DISTRICT COURT FROM WEBB COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
robbery and attempted capital murder and sentenced to twenty years' imprisonment, consecutive to
another sentence. He did not appeal his convictions. 

 Applicant contends that his plea was involuntary and these sentences were improperly
cumulated. Applicant has alleged facts that, if true, might entitle him to relief. Strickland v.
Washington, 466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). 
In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d
294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for making findings of fact. 
The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the
appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to whether
Applicant's plea was involuntary and as to the validity of the stacking order. The trial court shall
determine: whether Applicant's plea was pursuant to an agreement; whether any such agreement
specifically included a provision that these sentences would not commence until Applicant's
sentence in cause number 1993-CRA735-D3 had ceased to operate; whether Applicant objected to
entry of the stacking order, the dates Applicant was sentenced in this cause and in cause number
1993-CRA735-D3; and whether Applicant had a right to appeal these sentences. The trial court may
also make any other findings of fact and conclusions of law that it deems relevant and appropriate
to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. The transcript shall also include
copies of the judgments entered in this cause and in cause number 1993-CRA735-D3, the indictment
in this cause, and any other documents used to make the findings of fact in this application. Any
extensions of time shall be obtained from this Court. 




Filed: June 6, 2007

Do not publish